UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| THE SWEETWATER COALITION OF VOLUSIA COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>JARED PERDUE, in his official capacity as Secretary of the Florida Department of Transportation, and BRANDON BOWMAN, in his official capacity as District Engineer, United States Army Corps of Engineers, Jacksonville District,<br><br>Defendants. | **FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION ON COUNT I**<br><br>Case No. 6:25-cv-01695-PGB-LHP |

Plaintiff Sweetwater Coalition of Volusia County, Inc., seeks a preliminary injunction barring the Florida Department of Transportation ("FDOT") from undertaking construction-related activities associated with the Pioneer Trail/I-95 Interchange in Volusia County, Florida. *See* Pls.' Am. Time-Sensitive Am. Mot. for Prelim. Inj. on Count I ("Pl.'s Mot.") at 1, 20, Dkt. No. 18. Plaintiff's present motion—which amended a prior preliminary injunction motion that Plaintiff had

filed, Dkt. No. 14—is premised solely on Plaintiff's claim against FDOT.[1] *Id.* Unlike the previous motion, the present motion does not rest on arguments against the U.S. Army Corps of Engineers (the "Corps") or the other Federal Defendants. *Id.* The motion does not argue that the Corps has or will imminently take any action that will cause Plaintiff irreparable harm, or seek to establish Plaintiff's likelihood of success on the merits of its claims against the Corps. *Id.* Indeed, the caption of the motion makes clear that it is based solely on Count I of Plaintiff's complaint, and Count I is directed solely at FDOT. *See* Pl.'s Mot. at 1; Compl. ¶¶ 57-70, Dkt. No. 1.

Plaintiff's motion does not appear to seek relief related to the Corps. Pl.'s Mot. 20. But to the extent the motion is construed as seeking any injunction against the permit related to the Pioneer Trail/I-95 Interchange that the Corps issued on August 6, 2025, that request must be denied. Plaintiff has not established—or even addressed with respect to the Corps—any element that would be necessary for this Court to issue an injunction against the Corps. Plaintiff has not shown (i) a likelihood of success on the merits of its claims against the Corps; (ii) that it will suffer imminent irreparable injury from any action by the Corps, (iii) that the balance of harms tip in its favor, or (iv) that an injunction against the Corps would

---

[1] On September 10, this Court entered an order finding that Plaintiff's prior Time-Sensitive Motion for Preliminary Injunction, Dkt. No. 14, was mooted by its subsequent motion filed on September 9, Dkt. No. 18. Endorsed Order, Dkt. No. 19.

not be adverse to the public interest. *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1129 (11th Cir. 2005) (reciting standard for preliminary injunction). Thus, no injunction against the Corps can be issued in response to Plaintiff's motion.

DATED: September 23, 2025            Respectfully submitted,

/s/ *Angela N. Ellis*
ANGELA N. ELLIS
(DC Bar # 1670713)
ALEXANDER M. PURPURO
(FL Bar # 1025872
U.S. Department of Justice
Environment & Natural Resources Div.
150 M Street, NE, Ste. 3.127
Washington, D.C. 20044-7611
(202) 598-7942 (Ellis)
(202) 353-5230 (Purpuro)
angela.ellis@usdoj.gov
alexander.purpuro@usdoj.gov

*Attorneys for the Federal Defendants*